IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBBIE SOLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| U.S. BANK NATIONAL | § | Case No. 3:22-cv-00575-S-BT |
| ASSOCIATION AS LEGAL TRUST | § | |
| TRUSTEE FOR TRUMAN 2016 | § | |
| SC6 TITLE TRUST, and | § | |
| RUSHMORE LOAN | § | |
| MANAGEMENT SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | |

**<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Before the Court in this removed civil action is Defendants U.S. Bank National Association as Legal Trustee for Truman 2016 SC6 Title Trust (U.S. Bank) and Rushmore Loan Management Services, LLC's (Rushmore) (collectively "Defendants") Motion for Judgment on the Pleadings (ECF No. 11). For the reasons stated, the Motion should be GRANTED.

**Background**

On June 7, 2004, Plaintiff Debbie Solis and her husband obtained a mortgage loan (the "Loan") to purchase property in Red Oak, TX (the "Property"), executing both a note and deed of trust to ensure repayment of the loan. App. Mot.

J. Pleadings, Ex. A, at 5-7 (ECF No. 12); App. Mot. J. Pleadings, Ex. B., at 9-27.[1] Solis alleges that Defendants scheduled the Property for a foreclosure sale to occur on March 1, 2022. Notice Removal, Ex. C-1, Pl.'s Original Pet. 2 (ECF No. 1-4).

To prevent the foreclosure sale, Solis filed this suit in state court seeking injunctive and equitable relief and asserting claims of (i) negligent misrepresentation pertaining to handling of the Loan, (ii) violation of Texas Property Code Section 51.002 and the Real Estate Settlement Procedures Act (RESPA), and (iii) breach of contract. Notice Removal, Pl.'s Original Pet., Ex. C-1, at 4-7. Defendants timely removed this case to federal court. Notice Removal 1-6 (ECF No. 1).

This lawsuit is not the first civil action arising out of foreclosure proceedings against the Property, as Defendants previously sought to sell the Property at foreclosure in June 2020. Mot. J. Pleadings 14-15. At that time, Solis's husband filed suit against Defendants asserting similar claims.[2] Notice Removal, Original

---

[1] Several of the facts on which the Court relies are drawn from documents attached to Defendants' 12(c) motion to dismiss, are referenced in the Plaintiff's Original Petition, and are central to the Plaintiff's claims, or the facts are matters of public record. Therefore, the Court should conclude that they may be considered without converting the motion to a motion for summary judgment. *See Ward v. Carrington Mortg. Servs. LLC*, 2020 WL 5045655, at *1 (N.D. Tex. Aug. 4, 2020), *adopted by* 2020 WL 5038618 (N.D. Tex. Aug. 26, 2020) ("In deciding a motion to dismiss under Rule 12(b)(6) or 12(c), the court may examine the complaint, documents attached to the complaint, documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claims, and matters of public record.").

[2] Nor are these two actions the only lawsuits arising out foreclosure proceedings against the Property. *See also, Solis v. U.S. Bank Nat'l Ass'n* (*Solis III*), No. 22-cv-

Pet., Ex. C-1, *Solis v. U.S. Bank Nat'l Ass'n* (*Solis I*), No. 20-cv-1543 (N.D. Tex. June 11, 2020), ECF No. 1-4. The Court entered a final judgment dismissing all claims with prejudice against Solis's husband on November 19, 2021. Final J., *Solis I*, No. 20-cv-1543 (N.D. Tex. Nov. 19, 2021), ECF No. 23.

Defendants now move for judgment on the pleadings, requesting the Court dismiss Solis's claims with prejudice because the claims are barred by res judicata or because they fail on the merits. Solis—who is represented by counsel—did not respond to the Motion. This Court's local rules require parties to file their responses to opposed motions within 21 days from the date the motion is filed. *See* N.D. Tex. Local Civ. R. 7.1(e). Therefore, the Court may consider the Motion ripe and ready for determination.

**Legal Standard**

A motion for judgment on the pleadings under Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (internal citations omitted). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010).

---

1777 (N.D. Tex. Aug. 12, 2022). In each case Plaintiff and her husband have been represented by the same attorney.

When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). To survive a Rule 12(c) motion for judgment on the pleadings, therefore, a plaintiff's complaint must contain enough factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

## Analysis

Defendants argue the Court should dismiss Solis's claims because (i) the claims are barred by res judicata and (ii) the claims fail on the merits. As stated, Solis has not responded to the Motion. Because res judicata would bar any litigation, the Court addresses Defendants' res judicata arguments first. *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

Defendants assert res judicata applies in this case and that Solis's "claims are barred by a final judgment entered in a previous lawsuit brought by her husband, Edelmiro G. Solis." Mot. J. Pleadings 14. "Claim preclusion, or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)) (citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("*Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.")). A claim is precluded when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc.*, 428 F.3d at 571 (citation omitted). The Fifth Circuit employs the "transaction test" to determine whether two actions involve the same claim or cause of action." *Id.* (citation omitted). "Under the transactional test, a

prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting *Petro-Hunt, L.L.C.*, 365 F.3d at 395-96). The facts making up a transaction are "determined pragmatically"; however, the critical issue is "whether the two actions are based on the same nucleus of operative facts." *Id.*

The first element of res judicata requires the parties to be identical or in privity. *Hous. Pro. Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016) (quoting *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013)). In situations where the parties are not identical, "federal courts have nevertheless held that in certain circumstances judgments can bind persons not party to the litigation in question." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990). One such circumstance exists when parties are in privity to each other, that is, "there is a sufficient identity between parties to prior and subsequent suits for res judicata to apply." *Id.* When a "substantive legal relationship" exists between the parties, claim preclusion may be justifiable. *Cuauhtli v. Chase Home Fin. LLC*, 308 F. App'x 772, 773. "[C]lose family relationships are not sufficient by themselves to establish privity with the original suit's party, or to bind a nonparty to that suit by the judgment entered therein," but additional legal interests are sufficient. *See id.* Under Texas law, a fiduciary relationship is formed when spouses own community property controlled by each spouse, and "such a fiduciary relationship satisfies the identical-parties element of *res judicata*." *Smith v.*

6

*Mortg. Elec. Registration Sys., Inc.*, 2019 WL 4648263, at *6 (N.D. Tex. Aug. 30, 2019) (Rutherford, J.) (citing *Cuahuhtli*, 308 F. App'x at 773), *adopted by* 2019 WL 4643678 (N.D. Tex. Sept. 24, 2019); *see* Tex. Fam. Code § 3.003(a) ("Property possessed by either spouse during or on dissolution of marriage is presumed to be community property.").

Here, Solis's husband was a party to litigation in June 2020 against Defendants relating to foreclosure of the Property. *See Solis II*, 2021 WL 1009332, at *1-4, *adopted by* 2021 WL 977095 (N.D. Tex. Mar. 16, 2021). Solis and her husband are both parties to the deed of trust, and they were married at the time they executed it. App. Mot. J. Pleadings, Ex. B, at 9, 24. Thus, a fiduciary relationship existed under Texas law, and this relationship is sufficient to satisfy the identical-parties element of res judicata. *Smith*, 2019 WL 4648263, at *6.

As to the second and third elements, the previous action arose in the Northern District of Texas and the court entered a final judgment dismissing all claims by Solis's husband on their merits. *Solis I*, 2021 WL 977095, at *1; Final J., *Solis I*, No. 20-cv-1543 (N.D. Tex. Nov. 19, 2021), ECF No. 23. Thus, the prior action was brought in a court of competent jurisdiction and a final judgment was entered on the merits of the claim. *See Stevens v. Bank of Am., N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) (per curiam) ("Generally, a federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes.")

Finally, the last element is satisfied because the present lawsuit arises out of foreclosure proceedings related to the Property and include nearly identical claims.

Indeed, the Petitions filed in state court between the prior and current proceeding appear to be near copies; Solis's original petition at one point even references her husband as the Plaintiff. *Compare* Pl.'s Original Pet. 1, 4-12 (ECF No. 1-4) *with* Pl.'s Original Pet., *Solis I*, No. 20-cv-01543 (N.D. Tex. June 11, 2020), ECF No. 1-4. Both actions arise out of the same nucleus of operative facts regarding the foreclosure on the Property and alleged claims against Defendants. Therefore, Defendants satisfy all the elements necessary to show claim preclusion.

Because Solis's claims are barred by res judicata, the Court pretermits discussion on their merits, finds Defendants are entitled to judgment on the pleadings, and holds Solis's claim should be dismissed.

The Court further recommends that this case be dismissed with prejudice and without giving Plaintiff any opportunity to amend, because any such amendment would be futile. *See Ransom v. Nat'l City Mortg. Co.*, 2014 WL 717198, at *6 (N.D. Tex. Feb. 25, 2014).

**Recommendation**

For the reasons stated, Defendants U.S. Bank National Association as Legal Trustee for Truman 2016 SC6 Title Trust and Rushmore Loan Management Services, LLC's Motion for Judgment on the Pleadings (ECF No. 11) should be GRANTED on res judicata grounds, and Solis's claims and causes of action against Defendants should be DISMISSED with prejudice.

8

**SO RECOMMENDED**.

October 24, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).